UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY BOTTINI, etc.,
et al.,

        Plaintiff,

v.                                          CASE NO.  8:13-CV-365-T-17AEP

GEICO GENERAL
INSURANCE COMPANY,

        Defendant.

_____/


ORDER

This cause is before the Court on:

| Dkt. 28 | Statement of Undisputed Facts |
| Dkt. 29 | Motion for Partial Summary Judgment on Binding Effect of Underlying Verdict of Liability and Damages |
| Dkt. 30 | Deposition |
| Dkt. 31 | Request for Oral Argument |
| Dkt. 34 | Response |
| Dkt. 35 | Response |
| Dkt. 53 | Notice |
| Dkt.54 | Notice |

In the complaint, Plaintiff Mary Bottini, as Personal Representative of the Estate of Gerard Bottini, alleges a first-party bad faith claim against Defendant GEICO General Insurance Company.  Plaintiff seeks to recover the total amount of Plaintiff's damages, including any amount in excess of Plaintiff's policy limits awarded by jury verdict in the Underlying Action, and damages caused by Defendant's alleged bad faith, pursuant to Secs. 624.155 and 627.727(10), Florida Statutes.  The basis of jurisdiction is diversity.

Case No. 8:13-CV-365-T-17AEP

Plaintiff Bottini moves for entry of partial summary judgment on the binding effect of the verdict in the Underlying Action, Case No. 08-8851 in Hillsborough County Circuit Court, Mary Bottini, as Personal Representative of the Estate of Gerard Bottini v. GEICO General Insurance Company and Marissa D. Pensa. A final judgment in the amount of $50,000.00 (the UM policy limits) was entered against Defendant GEICO General Insurance Company ("GEICO"). The jury determined the total amount of damages to be $30,872,266.00; after a net set off of $1,040,000.00, the full amount of Plaintiff's damages resulting from the death of the decedent is $29,832,266.00. (Dkt. 1-7). The Second District Court of Appeal affirmed the final judgment in the amount of $50,000.00 against Defendant GEICO.

Plaintiff Bottini argues that the jury's verdict in the Underlying Action, after setoffs, is binding for the purpose of determining the damages recoverable by Plaintiff under Sec. 627.727(10), Florida Statutes. Plaintiff argues that the jury's verdict is binding according to Florida case law, legislative intent, and the doctrine of collateral estoppel.

Defendant GEICO has responded in opposition to Plaintiff's Motion; Defendant argues that the Court must deny Plaintiff's Motion for Partial Summary Judgment. Defendant GEICO argues that the Court has no authority to find that the verdict reached by the jury in the Underlying Action constitutes a measure of damages in this bad faith case. Although Florida law provides that Plaintiff Bottini will be entitled to recover the full amount of her damages in the event Plaintiff prevails in the bad faith action, the applicable case law and statute do not specify the manner in which those damages should be determined.

Defendant GEICO argues that: 1) the underlying UM jury's verdict does not constitute the proper measure of damages in a subsequent first party bad faith action; 2) GEICO's right to procedural due process would be violated if the Court were to hold

2

Case No. 8:13-CV-365-T-17AEP

that the underlying jury's verdict is binding in this bad faith action; 3) collateral estoppel does not bind GEICO or the Court to the underlying jury verdict; and 4) GEICO was denied appellate review of the jury verdict; 5) GEICO did not waive any objections to the scope of appellate review; 6) the Court should reject Plaintiff's public policy argument.

I. Standard of Review

Summary judgment should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

> The plain language of Rule 56(c) mandates the entry of summary judgment after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).

The appropriate substantive law will guide the determination of which facts are material and which facts are...irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the non-movant. See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." See Anderson, 477 U.S. at 248. But, "[i]f the evidence is merely colorable...or is not significantly probative...summary judgment may be granted." id. at 249-50.

3

Case No. 8:13-CV-365-T-17AEP

II. Controlling Principles of Florida Law

1. Jury's Determination of Negligence and Compensatory Damages

Where material facts are disputed, negligence is a question of fact to be resolved by the jury.   Sec. 768.21, Florida Statutes, specifies the damages recoverable for wrongful death.   The jury in the Underlying Action determined negligence and compensatory damages.   The verdict includes, inter alia, amounts for loss of companionship and protection, loss of parental companionship, instruction and guidance, and for pain and suffering.   There is no objective standard which can precisely measure these damages; under Florida law, the jury, guided by its judgment and everyday life experiences, determines what amount is fair.   Angrand v. Key, 657 So.2d 1146, 1149 (Fla. 1995).   The objective is to make the plaintiff whole.   Sheely v MRI Radiology Network, P.A., 505 F.3d 1173, 1203 (11th Cir. 2007)(compensatory damages designed to "make good the wrong done"; holding emotional distress damages available for intentional violations of Rehabilitation Act).

2. Remittitur

Defendant GEICO moved for a remittitur in the Underlying Action.   Pursuant to Sec. 768.043, Florida Statutes, the trial court reviews the amount of the award to determine if the amount is clearly excessive in light of the facts and circumstances presented to the trier of fact.   Sec. 768.043(3) explains:

> 3) It is the intent of the Legislature to vest the trial courts of this state with the discretionary authority to review the amounts of damages awarded by a trier of fact, in light of a standard of excessiveness or inadequacy. The Legislature recognizes that the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified only with caution and discretion. However, it is further recognized that a review by the courts in accordance

4

Case No. 8:13-CV-365-T-17AEP

with the standards set forth in this section provides an additional element of soundness and logic to our judicial system and is in the best interests of the citizens of Florida.

The determination of whether an award is excessive, and the amount by which an award of damages exceeds a reasonable amount, requires the trial court to consider:

1. Whether the amount awarded is indicative of prejudice, passion or corruption on the part of the trier of fact;

2. Whether it clearly appears that the trier of fact ignored the evidence in reaching a verdict or misconceived the merits of the case relating to the amount of damages recoverable;

3. Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture;

4. Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered;

5. Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.

In this case, the trial court denied Defendant's Motion for Remittitur. By the trial court's denial, the Court understands that the trial court determined that the amount of compensatory damages awarded was not clearly excessive in light of the facts and circumstances presented to the trier of fact. By the denial of the Motion for Remittitur, the trial court was required to consider whether the jury took improper elements of damage into account; the trial court therefore implicitly rejected Defendant's assertion that the award of compensatory damages includes some amount of punitive damages.

5

Case No. 8:13-CV-365-T-17AEP

3. Motion for New Trial

Defendant GEICO moved for a new trial. The trial court denied Defendant's Motion for New Trial.

"A motion for new trial is directed to the sound, broad discretion of the trial judge, who, because of his contact with the trial and his observation of the behavior of those upon whose testimony the finding of fact must be based, is better positioned than any other one person to fully comprehend the processes by which the ultimate decision of the triers of fact, the jurors, is reached." Cloud v. Fallis, 110 So.2d 669, 673 (Fla. 1959.) "When the trial judge, who must be presumed to have drawn on his talents, his knowledge and his experience to keep the search for truth in a proper channel, concludes that the verdict is against the manifest weight of the evidence, it is his duty to grant a new trial, and he should always do that if the jury has been deceived as to the force and credibility of the evidence, or has been influenced by considerations outside the record." (citations omitted). Id.

"If the issue of an opponent's improper argument [or conduct] has been properly preserved by objection and motion for mistrial, the trial court should grant a new trial if the argument was 'so highly prejudicial and inflammatory that it denied the [objecting] party its right to a fair trial.' " Engle v. Liggett Grp., Inc., 945 So.2d 1246, 1271 (Fla. 2006). "...[I]f the issue of an opponent's improper argument or conduct has not been preserved by contemporaneous objection and motion for mistrial, a new trial will only be warranted when the improper behavior is 'of such a nature as to reach into the validity of the trial itself to the extent that the verdict could not have been obtained but for such comments.'" id. To prevail on a motion for new trial under Murphy v. In'tl Robotic Sys., Inc., 766 So.2d 1010 (Fla. 2000) requires that the complaining party "establish that the [challenged] argument [or attorney misconduct] was (1) improper, (2) harmful, (3) incurable, and (4) so damaging to the fairness of the trial that the public's interest in our

6

Case No. 8:13-CV-365-T-17AEP

system of justice requires a new trial."

A trial judge may order a new trial on the grounds that the verdict is excessive or against the manifest weight of the evidence, or both. A new trial may be ordered on the ground that the verdict is excessive when: 1) the verdict shocks the judicial conscience; or 2) the jury has been unduly influenced by passion or prejudice. Brown v Estate of Stuckey, 749 So.2d 490 (Fla. 1999)(reversing district court, which reversed trial judge's grant of new trial; district court erred in not applying broad discretion standard; clarifying principles to be applied by trial judge when ruling on motion for new trial on the grounds that verdict is against manifest weight of evidence, and the standard to be applied on appeal of grant of new trial) .

A circuit court's order granting a new trial is reviewed for abuse of discretion. The appellate court presumes that the trial court exercised its discretion properly; unless it clearly appears that the circuit court abused its discretion, the appellate court will not disturb the ruling of the trial court. Allstate Ins. Co. v. Manasse, 707 So.2d 1110, 1111 (Fla. 1998). Discretion is abused only where no reasonable person would take the view adopted by the trial court.

In this case, the trial court denied the Amended Motion for New Trial. By the trial court's denial, the Court understands that amount of damages awarded did not "shock the judicial conscience" of the trial court, and the trial court determined that the jury verdict was not awarded by a jury unduly influenced by passion or prejudice.

4. Award of Compensatory Damages Characterized as Punitive Damages

Defendant GEICO asserted on appeal that the award of compensatory damages impermissibly includes a punitive element.

7

Case No. 8:13-CV-365-T-17AEP

A jury's assessment of compensatory damages is a factual determination. A jury's award of punitive damages is not a finding of fact, but a private fine intended to punish the defendant and deter future wrongdoing. Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424 (2001). The Fourteenth Amendment's Due Process Clause imposes substantive limits on the States' discretion, making the Eighth Amendment prohibition against excessive fines and cruel and unusual punishments applicable to the States, Furman v. Georgia, 408 U.S. 238 (1972), and prohibits States from imposing "grossly excessive" punishments on tortfeasors, B.M.W. of North America, Inc. v. Gore, 517 U.S. 559 (1996).

Under Florida law, the award of punitive damages is subject to due process analysis, but the award of compensatory damages is not. On its face, the jury verdict identifies the elements of damages awarded. The jury verdict at issue does not award punitive damages.

The Court relies on the categories of damages stated on the jury verdict; the Court cannot speculate about the jury's motivation.

5. Harmless Error

Sec. 59.041, Florida Statutes, provides:

No judgment shall be set aside or reversed, or new trial granted by any court of the state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.

In State v. DiGuilio, 491 So.2d 1129, 1138 (Fla.1986)(holding that comments on defendant's silence are subject to harmless-error analysis; receding from per se

Case No. 8:13-CV-365-T-17AEP

reversal rule), the Florida Supreme Court explains the harmless error test:

> The harmless error test, as set forth in <u>Chapman</u> and progeny, places the burden on the state, as the beneficiary of the error, to prove beyond a reasonable doubt that the error complained of did not contribute to the verdict or, alternatively stated, that there is no reasonable possibility that the error contributed to the conviction.  See <u>Chapman</u>, 386 U.S. at 24, 87 S.Ct. at 828.  **Application of the test requires not only a close examination of the permissible evidence on which the jury could have legitimately relied, but an even closer examination of the impermissible evidence which might have possibly influenced the jury verdict.**

(Emphasis added).  The Florida Supreme Court also includes a summary of various errors an appellate court may fall into when applying harmless error analysis:

> In his perceptive essay, *The Riddle of Harmless Error,* former Chief Justice Traynor addressed various common errors which, historically, appellate courts fall into when applying harmless error analysis. The worst is to abdicate judicial responsibility by falling into one of the extremes of all too easy affirmance or all too easy reversal. Neither course is acceptable. The test must be conscientiously applied and the reasoning of the court set forth for the guidance of all concerned and for the benefit of further appellate review. The test is not a sufficiency-of-the-evidence, a correct result, a not clearly wrong, a substantial evidence, a more probable than not, a clear and convincing, or even an overwhelming evidence test. Harmless error is not a device for the appellate court to substitute itself for the trier-of-fact by simply weighing the evidence. The focus is on the effect of the error on the trier-of-fact. The question is whether there is a reasonable possibility that the error affected the verdict. The burden to show the error was harmless must remain on the state. If the appellate court cannot say beyond a reasonable doubt that the error did not affect the verdict, then the error is by definition harmful. This rather truncated summary is not comprehensive but it does serve to warn of the more common errors which must be avoided.

<u>DiGuilio</u> at 1138-1139.

In <u>Damico v. Lundberg</u>, 379 So.2d 964, 965 (Fla. 2d DCA 1979), the harmless

Case No. 8:13-CV-365-T-17AEP

error test is stated in different terms:

> Error is reversible only when, considering all the facts peculiar to the
> particular case under scrutiny, it is reasonably probable that a result more
> favorable to the appellant would have been reached if the error had not
> been committed.  3 Fla. Jur.2d  499, Stecher v. Pomeroy, 253 So. 2d
> 421, 422 (Fla. 1971).

This standard implies that the appellate court will consider all the facts, and then
determine the probability of a different outcome without the alleged error.

The harmless error test as described in DiGuilio and Damico requires the
appellate court to consider the evidence, and assess the effect of impermissible
evidence, or challenged conduct.

III. Discussion

A.  Verdict in Underlying UM Action as Measure of Damages Recoverable
    Under Sec. 627.727(10), F.S.

    Sec. 627.727(10) provides:

(10) The damages recoverable from an uninsured motorist carrier in an
action brought under S. 624.155 shall include the total amount of the
claimant's damages, including the amount in excess of the policy limits,
any interest on unpaid benefits, reasonable attorney's fees and costs, and
any damages caused by a violation of a law of this state.  The total
amount of the claimant's damages is recoverable whether caused by an
insurer or by a third-party tortfeasor.

Plaintiff Bottini argues that the Florida Supreme Court has held that the damages
recoverable under Sec. 627.727(10) are the damages determined in the underlying UM
suit, based on State Farm Mutual Automobile Insurance Company v. Laforet, 658 So.2d
55 (Fla. 1995)(holding Sec. 627.727(10) could not be applied retroactively).  In Laforet,

Case No. 8:13-CV-365-T-17AEP

the Florida Supreme Court explains that the Florida Legislature amended Sec. 627.727, Fla. Stat. in reaction to McLeod v. Continental Insurance Co., 591 So.2d 621 (Fla. 1992) (holding excess judgment was not an element of damages recoverable for first-party bad faith). Plaintiff argues, inter alia, that the Florida Supreme Court defined "excess judgment" to mean the excess portion of the verdict returned in the underlying case, and by enacting Sec. 627.727(10), the Legislature eliminated the distinction between the damages available in first-party cases and the damages available in third-party cases.

In Laforet, the Florida Supreme Court found that Sec. 627.727(1) is penal rather than remedial:

> Just because the Legislature labels something remedial, however, does not make it so....In fact, in McLeod, we signified a contrary conclusion by finding that the imposition of the amount of the excess judgment as damages would be "analogous to imposing a penalty or punitive damages on the insurer."...Further, in addition to imposing a significant penalty on all insurers found guilty of bad faith, section 627.727(10) is an entirely new provision; it would apply to all actions brought under section 625.155 since its effective date in 1982 were it to be applied retroactively; and it significantly alters the language used to determine damages. By implementing section 627.727(10), the Legislature is in essence subjecting insurance companies in first-party bad faith actions to two penalties because, not only are they subject to punitive damages for the willful and reckless refusal to pay a claim, they are also subject to a penalty for the wrongful failure to pay a claim. This means that an insurance company found to have acted in bad faith in a first-party action may now be liable for: (1) damages proximately caused by the bad faith including interest, attorney's fees, and costs; (2) a penalty consisting of the entire amount of the excess judgment without regard to proximate causation; and (3) the additional penalty of punitive damages when the bad faith is found to be willful and reckless.

Laforet, 658 So.2d at 61. Plaintiff Bottini also cites Allstate Indem. Co. v. Ruiz, 899 So.2d 1121, 1128 n. 2 (Fla. 2005) and Time Ins. Co. v. Burger, 712 So.2d 389, 392

11

Case No. 8:13-CV-365-T-17AEP

(Fla. 1998).   The Court notes that the Florida Supreme Court did not rule on the same issue before this Court in the above cases; however, the Court views Laforet as strongly persuasive.

Plaintiff Bottini argues that  the concurring opinion in GEICO General Ins. Co. v. Bottini, 93 So.3d 476, 478 (Fla. 2d DCA 2012) implies an unresolved question of how damages recoverable Sec. 627.727(10) should be determined.   In that opinion, Judge Altenbernd states "The statute does not explain how the finder of fact in the next lawsuit determines the 'total amount' of the claimant's damages."   Plaintiff argues that this opinion is not binding authority, and does not supersede Laforet.

In GEICO General Ins. Co. v. Bottini, in his concurring opinion,  Judge Altenbernd states:

> I concur in the affirmance of this judgment.  I write to explain that I have reviewed only the judgment on appeal.  In my opinion, this court's scope of review gives it no power to consider alleged errors the verdict that do not affect the judgment.  Accordingly, I conclude that there is no proper legal basis to reverse the $50,000 judgment in this case, and I express no opinion as to the correctness of the jury's verdict awarding $30,872,266.
>
> ......
>
> On appeal, GEICO has argued several issues that might affect the judgment as to liability and comparative negligence, but this court has found no preserved reversible error on those issues.  It has also argued that the verdict is excessive and that it was influenced by improper arguments.  However, GEICO concedes that after finding liability, a jury would be free under the facts of this case to award a total of $1,050,000 even in the fairest of trials.  Accordingly, no alleged error raised by GEICO can be a harmful error as to the judgment totaling $50,000.

12

Case No. 8:13-CV-365-T-17AEP

> This appeal is motivated by the lawsuit that both parties
> know will follow. The Estate will sue GEICO under section
> 624.155, Florida Statutes (2006), for failure to settle this
> claim at an earlier time. The available damages in that
> action are specified by the legislature. Sec. 627.727(10),
> Florida Statutes (2006), states:

> The damages recoverable from an uninsured motorist
> carrier in an action brought under s. 624.155 shall include
> the total amount of the claimant's damages, including the
> amount in excess of the policy limits, any interest on unpaid
> benefits, reasonable attorney's fees and costs, and any
> damages caused by a violation of a law of this state. The
> total amount of the claimant's damages is recoverable
> whether caused by an insurer or by a third-party tortfeasor.

> (Emphasis added.) The statute does not explain how the
> finder of fact in the next lawsuit determines the "total
> amount" of the claimant's damages. Not unreasonably, both
> sides in this appeal anticipate that the Estate will attempt to
> use the verdict in this case as evidence of the total amount
> of damages in the next lawsuit. (FN 1).

> FN 1: In a standard "bad faith" case involving a
> liability insurance company, the verdict in excess of the
> insurance limits results in a judgment against the defendant,
> but not against his or her liability insurance company. Only
> in a lawsuit against the plaintiff's own insurer, a "first-party"
> insurance claim, does the excess verdict result in no
> judgment of any sort. Thus, the problem presented by this
> case appears unique to bad faith claims arising from
> coverage under section 627.727.

> Constitutionally, this court is given power to review final
> judgments for reversible error. We can also write an opinion
> affirming a judgment as to issues that, if we were to reach
> an opposite result, would lead to a reversal of the judgment.
> But I am unconvinced that we have a scope of review that
> allows us to rule on issues that do not and cannot affect the
> judgment on appeal. In this case, given that we decided to
> affirm on the issues relating to liability, GEICO essentially
> wants this court to write an opinion that affirms the

13

Case No. 8:13-CV-365-T-17AEP

> judgment, but "reverses" the verdict as to elements of
> damage not included within the judgment. I simply conclude
> that this court does not have the power to issue such an
> opinion. The fact that such an opinion might be convenient
> for purposes of the next lawsuit or facilitate its settlement
> does not change the authority given to me under the Florida
> Constitution.
>
> Accordingly, this concurrence permits both sides to know
> that at least one judge on this panel has not decided that the
> verdict is correct or incorrect as to damages awarded in
> excess of $1,050,000 because that issue is not within our
> permissible scope of review. If I am refusing to do that
> which the law requires me to do, I would assume that by writ
> of mandamus the supreme court could order me to conduct
> such a review. If so ordered, I would perform that review.

Plaintiff Bottini argues that the opinion in King v. Government Employees
Insurance Co., 2012 WL 4052271, *5 (M.D. Fla. 9/13/2012) is not accurate, in light of
the holding in Laforet, as is the order entered in Harris v. GEICO General Insurance
Co., 2013 WL 4463836, *8 (S.D. Fla. 8/7/2013).

Defendant GEICO responds that the only controversy between Plaintiff Bottini
and Defendant GEICO in the Underlying Action was whether Plaintiff was entitled to the
$50,000 UM benefits under the policy, and a judgment in the amount of $50,000 was
entered. Defendant GEICO argues that the finder of fact in the bad faith case
determines the amount of damages, not the court in the Underlying Action.
Government Employees Insurance Co. v. King, 68 So.3d 267 (Fla. 2d DCA
2011)(denying motion for attorney's fees and receding from opinion authorizing
procedure of entering conditional judgments; explaining that the trial court in a
subsequent bad faith action determines whether earlier appellate attorney's fees are an
element of damages awardable).

14

Case No. 8:13-CV-365-T-17AEP

Before the entry of the jury verdict, Plaintiff's entitlement to UM benefits of $50,000 could not be determined.   If the jury had determined no liability for negligence, or determined compensatory damages of less than $50,000, a different Final Judgment would have been entered.     Once the jury determined liability and compensatory damages, Plaintiff could prove she was legally entitled to recover from the tortfeasor, and therefore from the UM insurer, Defendant GEICO.    The Final Judgment in the Underlying Action sets the amount recoverable from Defendant GEICO at the UM Policy limits, documents the total amount of compensatory damages awarded to Plaintiff and applies the applicable setoff, to specifically identify the recoverable damages in excess of the policy limits.    Defendant GEICO obtained review of the amount of the jury verdict through Defendant's Motion for Remittitur and Motion for New Trial, and the appeal of the trial court's denial of Defendant's Motions.    The fact that the Second District Court of Appeal did not address this issue in an opinion does not render the decision affirming the trial court any less final, and the per curiam disposition of the Second District Court of Appeal does not mean that issues raised by Defendant GEICO were not considered.

The Court agrees that, in the bad faith case, a cause of action distinct from the Underlying Action, the finder of fact determines the damages recoverable in the event that it is determined that Defendant GEICO has violated any statutory duties pursuant to Sec. 624.155, Florida Statutes.    In Sec. 627.727(10), the Florida Legislature has defined the damages recoverable from a UM carrier in an action brought under Sec. 624.155 to include "the total amount of the claimant's damages, including the amount in excess of the policy limits."   A first party bad faith case cannot be brought before there has been a final determination of liability as to the uninsured tortfeasor, and the extent of the plaintiff's damages.  The "extent of the plaintiff's damages" is a necessary element of successfully pleading a first-party bad faith claim.  See Porcelli v. OneBeacon Ins. Co., 635 F.Supp.2d 1312, 1316 (M.D. Fla. 2008)(citing Blanchard v. State Farm Mut. Auto. Ins. Co., 575 So.2d 1289, 1291 (Fla. 1991); Vest v. Travelers

15

Case No. 8:13-CV-365-T-17AEP

Ins. Co., 753 So.2d 1270, 1275-76 (Fla. 2000)). The extent of the plaintiff's damages, including the amount in excess of the policy limits, caused by the uninsured tortfeasor is one element of damages recoverable in a subsequent bad faith claim; the total damages recoverable may also include interest on unpaid benefits, reasonable attorney's fees and costs, and any damages caused by a violation of a law of Florida. The language of Sec. 627.727(10) is plain, and, in Laforet, the Florida Supreme Court explained how the Florida Supreme Court would apply the statute, albeit in dicta.

B. Appellate Review

Plaintiff Bottini argues that the majority opinion of the Second District Court of Appeal did not refuse to review Defendant GEICO's claims of error.

Defendant GEICO argues that Defendant GEICO was denied appellate review. Defendant GEICO appealed the denial of Defendant's Motion for Remittitur and Amended Motion for New Trial. Defendant GEICO asserted on appeal the trial court abused its discretion in denying Defendant's request for a new trial, on the basis that the jury's damage award of $30 million was excessive, and against the manifest weight of the evidence. Defendant GEICO also asserted that the trial court abused its discretion in denying Defendant's request for new trial because Plaintiff's counsel: 1) made improper and inflammatory arguments during closing argument, and 2) engaged in character assassination of tortfeasor Geisbert. (Dkts. 28-1, Brief of Appellant; Dkt. 28-17, Brief of Appellee; Dkt. 28-18, Appellant's Reply Brief).

The majority opinion of the Second District Court of Appeal states:

> The jury verdict found that the Estate's damages were $30,872,266. But the judgment amount entered by the trial court against Geico is $50,000, based on the applicable policy limits. Based on the evidence presented, we are

16

Case No. 8:13-CV-365-T-17AEP

> satisfied that even if Geico were correct that errors may
> have affected the jury's computation of damages, in the
> context of this case and the amount of the judgment, any
> such errors were harmless.  Thus, we do not address further
> Geico's claims of error.
>
> Affirmed.

(Dkt. 28-19).

Defendant GEICO raised the issue of the amount of damages awarded to Plaintiff Bottini on appeal, in the context of the trial court's denial of Defendant GEICO's motion for new trial; the majority opinion, which is binding, indicates that the Second District Court of Appeal considered the issue, but determined that any errors were harmless, and affirmed the trial court.

As other courts have observed, although parties may not appeal from verdicts, appellate courts can and do consider potential errors in verdicts.  See Batchelor v. Geico Cas. Co., 2014 WL 39-6312, 5 (M.D. Fla. 2014)(citing Normius v. Eckerd Corp., 813 So.2d 985, 988 (Fla. 2d DCA 2002) (review of order granting remittitur) and Duclos v. Richardson, 113 So.3d 1001, 1003-04 (Fla. 1st DCA 2013)(review of order granting jnov)).

Based on the undisputed record, the Court finds that Defendant GEICO was not denied appellate review of the amount of damages awarded to Plaintiff in the Underlying Action.

C.  Waiver of Objection to Scope of Appellate Review

Plaintiff Bottini argues that Defendant GEICO has waived any right to complain since Defendant chose not to take any steps to seek further appellate review.  Plaintiff

17

Case No. 8:13-CV-365-T-17AEP

argues that Defendant GEICO consciously chose to forego all available procedures i.e. no motion for rehearing, no motion for clarification and no petition for mandamus.

Plaintiff further argues that the decision of the Second District Court of Appeal conflicts with decisions of other courts of appeal as to review of errors that affected the excess portion of the verdict:   Christiani v. Popovich, 363 So.2d 2 (Fla. 1st DCA 1978) and Nationwide Mut. Fire Ins. Co. v. Darragh, 95 So.3d 897 (Fla. 5th DCA 2012).

Defendant GEICO responds that Defendant has not waived its objection to the scope of appellate review.

The mandate of the Second District Court of Appeal affirmed the trial court.   It is not disputed that Defendant GEICO did not seek further review.   The Court notes that Defendant GEICO submitted itself to the jurisdiction of the Hillsborough County Circuit Court, and Defendant GEICO participated fully in the Underlying Action.   The trial court had discretion to review the jury verdict for excessiveness, but denied Defendant's Motion for Remittitur and for New Trial.   Defendant GEICO appealed, but the Second District Court of Appeal, finding no reversible error, affirmed the trial court.

The Court finds that Defendant GEICO did not pursue any further means of review after the appeal in the Second District Court of Appeal, and therefore the Final Judgment of the trial court stands as final.

D. Collateral Estoppel

Plaintiff Bottini argues that the verdict from the Underlying Action is binding through collateral estoppel.   Plaintiff Bottini argues that Florida courts give collateral estoppel effect to judgments that are affirmed without an opinion or "PCA."

18

Case No. 8:13-CV-365-T-17AEP

Defendant GEICO responds that collateral estoppel does not bind the parties to the verdict amount because the verdict was not a final judgment accorded conclusive effect. See King v. Government Employees Insurance Co., 2012 WL 4052271, *5 (M.D. Fla. 9/13/2012). Defendant GEICO argues that the identical issue has not been fully litigated, and a final decision has not been rendered by a court of competent jurisdiction.

"Under the Full Faith and Credit Act, 28 U.S.C. § 1738, a federal court must 'give preclusive effect to a state court judgment to the same extent as would courts of the state in which the judgment was entered.' " Brown v. R. J. Reynolds Tobacco Co., 611 F.3d 1324, 1331 (11th Cir. 2010). The Court gives preclusive effect to a state court judgment if: "(1) the courts of the state from which the judgment emerged would do so themselves; and (2) the litigants had a full and fair opportunity to litigate their claims and the prior state proceedings otherwise satisfied the applicable requirements of due process." Quinn v. Monroe Cty., 330 F.3d 1320, 1329 (11th Cir. 2003). In Florida, "collateral estoppel applies if (1) an identical issue, (2) has been fully litigated, (3) by the same parties or their privies, and (4) a final decision has been rendered by a court of competent jurisdiction." Id.; see Essenson v. Polo Club Assocs., 688 So.2d 981, 983 (Fla. 2d DCA 1997). Collateral estoppel does not require prior litigation of an entire claim, only a particular issue. Rice-Lamar v. City of Fort Lauderdale, 853 So.2d 1125, 1131 (Fla. 4th DCA 2003).

"[T]he offensive use of collateral estoppel calls for the courts to use special care in examining the circumstances to ascertain that the defendant has in fact had a full and fair opportunity to litigate and that preclusion will not lead to unjust results." Johnson v. U.S., 576 F.2d 606, 614 (5th Cir. 1978). One of the most important considerations is whether, at the time of the earlier action, the party could foresee that facts subject to estoppel could be important in future litigation. Id at 615.

Case No. 8:13-CV-365-T-17AEP

Florida courts have looked to the Second Restatement of Judgments in applying collateral estoppel. Cook v. State, 921 So.2d 631, 634 (Fla. 2d DCA 2005). In Cook, the Court notes the following:

> When there is a lack of total identity between the particular matter presented in the second action and that presented in the first, there are several factors that should be considered in deciding whether for purposes of the rule of this Section the "issue" in the two proceedings is the same, for example: Is there a substantial overlap between the evidence or argument to be advanced in the second proceeding and that advanced in the first? Does the new evidence or argument involve application of the same rule of law as that involved in the prior proceeding? Could pretrial preparation and discovery relating to the matter presented in the first action reasonably be expected to have embraced the matter sought to be presented in the second? ...
>
> Sometimes, there is a lack of total identity between the matters involved in the two proceedings because the events in suit took place at different times. In some such instances, the overlap is so substantial that preclusion is plainly appropriate.... Preclusion ordinarily is proper if the question is one of the legal effect of a document identical in all relevant respects to another document whose effect was adjudicated in a prior action.

Restatement (Second) of Judgments § 27 cmt. c (1982).

Differences in the burden of proof or persuasion between the initial proceeding and the subsequent proceeding may affect whether the doctrine of collateral estoppel will be applied; Florida also recognizes a "manifest injustice exception" to the doctrine of collateral estoppel. This exception comes into play when application of the doctrine "would defeat the ends of justice." The manifest injustice exception recognized in Florida law parallels the exception in Restatement (Second) of Judgments Section 28(5)(a) for circumstances where "[t]here is a clear and convincing need for a new determination of the issue ... because of the potential adverse impact of the determination on the public interest."

20

Case No. 8:13-CV-365-T-17AEP

When deciding what facts have been litigated and adjudicated in prior proceedings, courts often look to the verdict forms to help decide the issue. See Acadia Partners, L.P. v. Tompkins, 673 So.2d 487, 488-89 (Fla. 5th DCA 1996). The verdict form in the Underlying Action reflects that the jury determined the liability of the tortfeasors, and the amount of damages caused by their negligence. Defendant GEICO "stepped into the shoes" of the tortfeasor and participated fully in the Underlying Action. Although the Final Judgment was limited to Defendant's policy limits of $50,000, the Final Judgment also includes a statement of the jury's determination of the total amount of damages, and states that all claims that Plaintiff may have for damages pursuant to Sec. 624.155 are preserved and not affected by the Final Judgment. It was foreseeable that the facts subject to estoppel could be important in future litigation. If this case involved a claim of bad faith following an excess judgment against the insured as tortfeasor, there would be no question that, following an appeal of a final judgment, the Final Judgment of the trial court established the amount of damages in excess of the policy limits. The Florida Legislature has chosen to make the amount of damages in excess of the policy limits identical in first party claims and third party claims.

The Court relies on the plain language of the statute and on Florida case law in adjudicating Plaintiff's Motion. The amount of damages caused by the tortfeasor was necessarily determined in the Underlying Action, in which Defendant GEICO participated fully. The due process right underlying the issue of whether a litigant has a full and fair opportunity to litigate is whether the litigant has the opportunity to be heard. Defendant GEICO raised the issue of the alleged excessive amount of damages in Defendant's Motion for Remittitur and Motion for New Trial, and on appeal. Defendant GEICO did not pursue further relief after the decision of the Second District Court of Appeal. While this case is distinct from the Underlying Action, in light of Sec. 627.727(10), Florida Statutes, it was foreseeable that the amount of damages could be important in future litigation. There was no failure of due process, where Defendant GEICO had the opportunity to, and did, raise the issue of excessive damages by post-

21

Case No. 8:13-CV-365-T-17AEP

trial motions and on appeal.    Defendant GEICO could have taken further steps to
obtain review of the decision of the Second District Court of Appeal, but did not do so.
The Court does not know of any factor, including a failure of due process, which would
render the application of Florida's  collateral estoppel doctrine inappropriate.
Accordingly, it is


        **ORDERED** that Plaintiff's Motion for Partial Summary Judgment (Dkt. 29) as to
the binding effect of the underlying verdict as to liability and damages is **granted**.


        **DONE and ORDERED** in Chambers, in Tampa, Florida on this
23rd day of September, 2014.




                                    ELIZABETH A. KOVACHEVICH
                                    United States District Judge


Copies to:
All parties and counsel of record