UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY BOTTINI, etc.,

       Plaintiff,

v.                               CASE NO.  8:13-CV-365-T-17AEP

GEICO GENERAL
INSURANCE COMPANY,

       Defendant.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 100 | Motion for Reconsideration re Order on Motion for Partial Summary Judgment (Dkt. 99) or, in the Alternative, to Certify the Order for Interlocutory Appeal |
| Dkt. 101 | Response |
| Dkt. 106 | Notice of Supplemental Authority |

Defendant Geico General Insurance Company seeks reconsideration of the Court's Order (Dkt. 99) granting Plaintiff's Motion for Partial Summary Judgment. In the alternative, Defendant moves to certify the Order for interlocutory appeal.

Plaintiff Mary Bottini, as Personal Representative of the Estate of Gerard Bottini, opposes Defendant Geico's Motion. Plaintiff argues that Defendant rehashes the same arguments the Court already considered and rejected, and has added an entirely new argument which it could have raised earlier, but did not. Plaintiff further argues that certification for interlocutory appeal is not appropriate, in that the issue Defendant seeks to certify is not controlling, as it would not resolve the issue of bad faith; there are no substantial grounds for difference of opinion, because a binding decision of a Florida appellate court has held the underlying verdict is binding, and certification would not

Case No. 8:13-CV-365-T-17AEP

advance the termination of the litigation, in that this case is set for trial in January, 2015.

The Court notes that the trial of this case has been rescheduled to February 2, 2015, and this case is a forty-hour jury trial.

I. Standard of Review

The decision to grant a motion for reconsideration is within the sound discretion of the trial court and will only be granted to correct an abuse of discretion. Region 8 Forest Serv. Timber Purchases Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993). There are three bases for reconsidering an order: " (1) an intervening change in controlling law; (2) availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice.  Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994).  See also Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

Furthermore, a motion for reconsideration does not provide an opportunity to simply reargue, or argue for the first time, an issue the Court has once determined. Court opinions are "not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." Quaker Alloy Casting Co. v. Gulfco Indus., Inc., 123 F.R.D. 282, 288 (N.D. Ill. 1988).  The reconsideration of a previous order is an "extraordinary remedy" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Ludwig v. Liberty Mutual Fire Ins. Co., 2005 WL 1053691 (citing Lamar, 189 F.R.D. at 489 (M.D. Fla. 1999)).

Case No. 8:13-CV-365-T-17AEP

II. Discussion

A. Defendant's Motion

Defendant Geico requests reconsideration of the Court's previous decision (Dkt. 99) as Defendant Geico will suffer a due process violation that is so egregious that it constitutes manifest error of law and fact.   Defendant Geico argues that this Court misinterpreted the opinion of the Second District Court of Appeal in Bottini v. GEICO Gen. Ins. Co., 93 So.3d 476 (Fla. 2D DCA 2012).   Defendant Geico, in a footnote, suggests that the Court is condoning Plaintiff's violation of and disregard for the Florida Rules of Procedure and Florida case law prohibiting inappropriate and unfair trial practice.

Defendant Geico argues that the errors of the trial court that Defendant Geico raised on appeal were not reviewed by the appellate court due to the amount of the judgment. Defendant Geico contends that the law of the case mandates that Geico should not be bound to the verdict as to the measure of damages in this action as Geico was denied appellate review of same.   Defendant Geico argues that if the Second District Court of Appeal had been able to review the errors raised by Defendant Geico on appeal, such as the inflammatory, prejudicial closing argument of Plaintiff's counsel, the Second District Court of Appeal would have reversed the jury's verdict. Defendant Geico argues it was entitled to a new trial because the trial court erred in improperly allowing inflammatory, prejudicial comments in closing argument, improperly allowing bad character evidence as to the alleged tortfeasor, and improperly denying Geico's motion for new trial due to the excessive verdict.  Geico argues these were not reviewed because they did not affect the judgment.  Geico further argues that the prejudice to Geico for this Court to determine that damages will not be tried in the instant bad faith action is far outweighed by any slight prejudice to Plaintiff, as Plaintiff has litigated and prepared this case as if damages would be litigated at trial. Defendant

3

Case No. 8:13-CV-365-T-17AEP

Geico further argues that the Eleventh Circuit Court of Appeals has recognized that the issue of damages litigated in the underlying UM action is separate and distinct from the issue of damages in a subsequent first-party bad faith action, and therefore the Court erred in finding that collateral estoppel applies to the issue of damages.

Defendant Geico requests that the Court reconsider its ruling, hold that the verdict in the Underlying Action is not binding as a measure of damages in Plaintiff's first-party bad faith action against Geico, or, in the alternative, certify the Order for interlocutory appeal under 28 U.S.C. Sec. 1292(b).

B.  Plaintiff's Response

Plaintiff Bottini responds that Defendant's Motion for Reconsideration should be denied.  Plaintiff argues that Defendant merely disagrees with the Court's interpretation of the <u>Bottini</u> decision, and if the Court considers the merits of Defendant's argument, the Court should again reject it as unfounded.  Plaintiff further argues that opinion of the Fourth District Court of Appeal in <u>GEICO General Insurance Co. v. Paton</u>, 2014 WL 4626860 (Fla. 4th DCA Sept. 17, 2014) holds that the jury's determination of damages in an underlying UM case is binding against the insurance company in a subsequent bad faith trial, and explicitly rejects Defendant Geico's position that Defendant Geico suffers a due process violation if it is bound to the underlying verdict, as the Second District Court of Appeal was not "unable" to review Geico's claims of error.  Plaintiff further responds that the law of the case doctrine does not apply, the relief sought by Defendant violates the Rooker-Feldman doctrine, and, if this Court could review the decision of the Second District Court of Appeal, Defendant did not provide a sufficient record that would permit the Court to do so.  Plaintiff further responds that Defendant Geico's prejudice-balancing error is a new argument that could have been raised before, and is without merit.  Plaintiff further responds that, in <u>King v. Government Employees Insurance Co.</u>, 2014 WL 4357480 (11th Cir. Sept. 4, 2014), the Eleventh

4

Case No. 8:13-CV-365-T-17AEP

Circuit Court of Appeals held that the question of bad faith was not at issue in the underlying UM action, and declined to rule on whether the verdict from an underlying UM action is binding in a subsequent action, as the jury found no bad faith. Plaintiff Bottini opposes certification for interlocutory review.

C. Analysis

1. Procedural Due Process

The Court has given further consideration to the issues raised by Defendant Geico, but this consideration has not altered the Court's conclusions.

Defendant argues that the Court has misinterpreted the following ruling of the Second District Court of Appeal:

> "Geico General Insurance Company **raised five issues in this appeal. We conclude that none of the issues warrants reversal.** We note that Geico's arguments include claims of error that impacted the amount of damages determined by the jury. The jury verdict found that the Estate's damages were $30,872,266. But the judgment amount entered by the trial court against Geico is $50,000, based on the applicable insurance policy limits. **Based on the evidence presented, we are satisfied that even if Geico were correct that errors may have affected the jury's computation of damages, in the context of this case and the amount of the judgment, any such errors were harmless.** Thus, we do not address further Geico's claims of error."

(Emphasis added). Defendant Geico has argued that if the Second District Court of Appeal had been able to review the trial errors Defendant raised on appeal, the Second District Court of Appeal would have reversed. Perhaps Defendant Geico has a psychic hotline to the Second District Court of Appeals, but the undersigned does not. The undersigned looks to the wording of the opinion, and the context in which the issues are raised. The opinion of the Second District Court of Appeal is brief, without a lot of room

Case No. 8:13-CV-365-T-17AEP

for interpretation. Every word counts. The Court understands the ruling of the Second District Court of Appeal to say two things:

> 1. Of the five issues raised in the appeal, none of the issues warrants reversal;
>
> 2. As to the claims of error that impacted the amount of damages determined by the jury, if errors are present, the errors are harmless.

Defendant Geico raised the issue of the alleged violation of Defendant's constitutional right to procedural due process in the context of Defendant's response to Plaintiff's Motion for Partial Summary Judgment as to Binding Effect of Verdict. In responding to Plaintiff's Motion for Partial Summary Judgment, Defendant argued that the Second District Court of Appeal reviewed only the $50,000 judgment, not the portion of the verdict which exceeded the judgment, such that Defendant Geico has not had an opportunity to be heard regarding its allegations of error at trial, and therefore the verdict cannot be binding in this case without violating Defendant's right to procedural due process.

As to a claim of deprivation of procedural due process, the constitutional violation is not complete when the deprivation of due process occurs; it is not complete unless and until the State fails to provide due process.   McKinney v. Pate, 20 F.3d 1550, 1557 (11th Cir. 1994). In this case, a property interest is at stake. If the verdict in the Underlying Action is binding, and a jury upholds Plaintiff's claim of bad faith, Defendant Geico would be liable to pay the total damages as determined at trial. The plaintiff must show: 1) they had a property interest which was interfered with by the state and 2) the state failed to use constitutionally sufficient procedures in depriving the plaintiff of that right. The constitutionality of the state procedures must show a violation of the U.S. Constitution. The U.S. Constitution requires some kind of hearing before the State deprives a person of liberty or property; the Supreme Court has held that, in

6

Case No. 8:13-CV-365-T-17AEP

some circumstances, "a statutory provision for a post deprivation hearing, or a common law tort remedy for erroneous deprivation, satisfies due process. Zinermon v. Burch, 494 U.S. 113, 127-128 (1990). Procedural due process rules are meant to protect persons not from the deprivation, but from the mistaken or unjustified deprivation, of life, liberty, or property." Arrington v. Helms, 438 F.3d 1336, 1347 (11th Cir.2006)

In the Court's prior order, the Court considered the actual "process" accorded to Defendant. The Court also notes the discussion in Horton v. Board of County Comm'rs of Flagler County, 202 F.3d 1297, 1300 (11th Cir. 2000):

> The McKinney rule is not micro in its focus, but macro. It does not look to the actual involvement of state courts or whether they were asked to provide a remedy in the specific case now before the federal court. Instead, the McKinney rule looks to the existence of an opportunity–to whether state courts, if asked generally would provide an adequate remedy for the procedural violation the federal court plaintiff claims to have suffered. If state courts would, then there is no federal due process violation regardless of whether the plaintiff has taken advantage of the state remedy or attempted to do so.

The Eleventh Circuit Court of Appeals explains that McKinney is based on a recognition that the process a state provides is not only that employed by the board, agency, or other governmental entity whose action is in question, but also includes the remedial process state court would provide if asked. McKinney complained of a biased decisionmaker at the board level, but under Florida law an adequate remedy for that could be obtained in the state courts. So, McKinney had an opportunity for procedural due process, and that is all that the Fourteenth Amendment requires.

"Due process," as defined by the United States Supreme Court, is "a flexible concept that varies with the particular situation." Zinermon v. Burch, 494 U.S. 113, 127(1990). To determine whether a constitutional violation of procedural due process occurred, the Court asks what process the State provided, and whether it was

Case No. 8:13-CV-365-T-17AEP

constitutionally adequate. The Court applies the balancing test of <u>Matthews v. Eldridge</u>, 424 U.S. 319, 335 (1976), considering:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

As to the risk of erroneous deprivation under the procedures used, the civil trial in the Underlying Action included many means which  minimized the risk of erroneous deprivation. Defendant had notice of the claims against Defendant, and an opportunity to be heard. The damages that Plaintiff sought under the Florida Wrongful Death Act are spelled out in Sec. 768.21, <u>Florida</u> <u>Statutes</u>. Sec. 768.17, <u>Florida</u> <u>Statutes</u>, states the public policy of Florida, and provides for liberal construction. Throughout the trial, Defendant was represented by counsel, had the opportunity to present witnesses and evidence, to make opening and closing statements to the jury, to raise objections, to make arguments to the trial court and to seek relief from the trial court in accordance with the Florida Rules.   Voir dire, the trial court's cautionary instructions to the jury throughout trial, Defendant's requests for curative instructions, Defendant's motions for a mistrial, and jury instructions prior to deliberation are specific means designed to minimize the risk of erroneous deprivation by avoiding any impairment of the jury's impartiality.   After the jury verdict awarding damages to Plaintiff, Defendant had the opportunity to seek relief from the trial court by filing a motion for new trial, and a motion for remittitur, and had the opportunity to seek relief in the appellate court.   The extent of damages awarded is a factual issue. The Florida Supreme Court has acknowledged that, although non-economic damages are inherently difficult to measure, the judicial system places great faith in the jury's ability to assess the amount of such damages. As noted in <u>R.J. Reynolds Tobacco Company v. Lyantie Townsend, as Personal</u>

8

Case No. 8:13-CV-365-T-17AEP

Representative of the Estate of Frank Townsend, 90 So.3d 307 (Fla. 1st DCA 2012):

> "The fact that a damage award is large does not in itself render it
> excessive nor does it indicate that the jury was motivated by improper
> consideration in arriving at the award."And "not every verdict which raises
> a judicial eyebrow should shock the judicial conscience."...A verdict should
> not be declared excessive "merely because it is above the amount which
> the court itself considers the jury should have allowed"....The verdict
> should be disturbed only when "it is so inordinately large as obviously to
> exceed the maximum limit of a reasonable range within which the jury
> may properly operate."...

(Citations omitted).  Florida courts are required to closely scrutinize the amount of
damage awards in considering whether an award exceeds a reasonable range,
including whether award is supported by the evidence, whether award bears reasonable
relation to amount of damages proved and injury suffered, and whether the amount of
the award is indicative of prejudice, passion or corruption" on part of the jury.  To
facilitate review, an order granting a new trial must specify the reasons supporting a
determination that the verdict is against the manifest weight of the evidence or
influenced by considerations outside the record.  Wackenhut v. Canty, 359 So.2d 430,
435 (Fla. 1978).

Defendant's Motion for New Trial was brought pursuant to Florida Rule of Civil
Procedure 1.530(b)(Exhibit 1).  Defendant identified the alleged harmful errors of the
trial court underlying Defendant's request for new trial.  Defendant asserted that, due to
each error, and the cumulative effect of the errors, the jury was unduly influenced by
passion and prejudice, and the verdict was contrary to the manifest weight of the
evidence.  Defendant argued that each alleged trial error, and the cumulative effect of
the alleged trial errors, was sufficiently prejudicial to warrant a new trial.

9

Case No. 8:13-CV-365-T-17AEP

Defendant's Motion for Remittitur was brought pursuant to Sec. 768.74, Florida Statutes (Exhibit 2), and identifies the same factors included in Sec. 768.043, Florida Statutes.  Secs. 768.043 and 768.74, Florida Statutes, acknowledge that reasonable actions of the jury should be disturbed or modified only with caution and discretion. Pursuant to Sec. 768.043, Florida Statutes, the trial court has the authority to review a jury verdict awarding damages to determine if it is clearly excessive in light of the facts and circumstances which were presented to the trier of fact, under the statutory standards expressed therein.  Pursuant to Sec. 767.74, Florida Statutes, the trial court has the authority to review a jury verdict awarding damages to determine if it is excessive in light of the fact and circumstances which were presented to the trier of fact, under the statutory standards expressed therein.  In considering a motion for remittitur, the trial judge's discretion is exercised in the context of determining whether the jury's verdict is against the manifest weight of the evidence, or was influenced by consideration of matters outside the record.   The trial record must affirmatively show the impropriety of the verdict, or there must be an independent determination by the trial judge that the jury was influenced by considerations outside the record.  Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309, 1312 (Fla. 1986).  In ruling on a motion for remittitur, the trial court must specify its reasons for granting such a request.

A trial court has broad discretion in ruling on motions for new trial and mistrial. As to preserved error, the legal standard to determine a motion for new trial based on counsel's improper argument is whether the argument was so highly prejudicial and inflammatory that it denied the opposing party the right to a fair trial.  To determine whether the statements and arguments are prejudicial, the statements and arguments must be placed and evaluated in context.  Context is crucial.  Engle v. Liggett Group, Inc., 945 So.2d 1246, 1271-1272 (Fla. 2006).  Harmfulness in this context also carries a requirement that the comments be so highly prejudicial and of such collective impact as to gravely impair a fair consideration and determination of the case by the jury.  Id. at 1272, n. 14.  When improper argument is made during closing argument, improper

10

Case No. 8:13-CV-365-T-17AEP

evidence is volunteered, or improper evidence is elicited, such improper arguments or evidence do not necessarily constitute reversible error; all may be cured by an instruction to the jury at trial to disregard the argument or evidence.  Barry v. GEICO General Ins. Co., 938 So.2d 613 (Fla. 4th DCA 2006).    If improper argument is not so egregious as to interfere with the essential justice of the result, a new trial is not warranted.   Rohrback v. Dauer, 528 So.2d 1362 (Fla. 3d DCA 1988).

On appeal, Defendant asserted the same issues as in the Motion for New Trial and Motion for Remittitur (Exhibit 3).  As the Second District Court of Appeal explains:

> The primary function of an appellate court is to "determine whether the [lower tribunal] made any ruling or conducted the proceedings in a manner contrary to established principles of law to the prejudice of the appellant. (quoting Carolina Lumber Co. v. Daniel, 97 So.2d 1122, 1124 (Fla. 1st DCA 1987).  In performing this function, we are constrained by the principle that the judgment of a lower tribunal is presumed to be correct and the burden is on the appellant or petitioner to demonstrate reversible error.  See Applegate v. Barnett Bank, 377 So.2d 150 (Fla. 1979).

Lazzari v. Lin, 884 So.2d 393, 395 (Fla. 2d DCA 2004).

On appeal, the appellate court considers preserved error and fundamental error. Preserved error is error to which the complaining party objected, or otherwise brought to the attention of the trial court, and obtained a ruling.   Fundamental error is error which, although not objected-to at trial,  goes to the foundation of the case or the merits of the cause of action, or it must be a denial of due process.   Constitutional issues, other than those which constitute fundamental error, are waived unless timely raised at trial.

Sec. 59.041, Florida Statutes, (Harmless error, effect)  provides:

> No judgment shall be set aside or reversed, or new trial granted by any court of this state in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of

11

Case No. 8:13-CV-365-T-17AEP

the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed.

Appellate courts may consider whether the asserted error is harmful or harmless before determining that a ruling was an error. The test for harmless error in a civil case in the Second District Court of Appeal was that, for an error to be harmful, it must be "reasonably probable that a result more favorable to the appellant would have been reached if the error had not been committed." Damico v. Lundberg, 379 So.2d 964, 965 (Fla. 2d DCA 1979). It is up to the appellant to establish that the error is harmful. To determine whether an error is harmful, the appellate court must examine the entire record; the central issue is whether the error had an adverse effect upon the jury's verdict. Special v. Baux, 79 So.3d 755, 764 (Fla. 4th DCA 2011)(examines history of harmless error rule). In Special v. West Boca Medical Center, 2014 WL 5856384 (Fla. Nov. 13, 2014)(specifying correct test for harmless error in civil appeals; the beneficiary of the error has the burden to prove that the error complained of did not contribute to the verdict)[1], the Florida Supreme Court confirms that the appellate court's analysis of harmless error necessarily includes consideration of the process of arriving at the result in the case, as well as the result itself.

Pursuant to Sec. 90.104, Florida Statutes, a court may predicate error, set aside or reverse a judgment, or grant a new trial on the basis of admitted or excluded evidence when a substantial right of the party is adversely affected. Appellate courts review a trial court's decision to deny a motion for a new trial on damages or remittitur for an abuse of discretion. R.J. Reynolds Tobacco Co. v. Townsend, 90 So.3d 307, 310 (Fla. 1st DCA 2012)(citing Engle v. Liggett Grp., Inc., 945 So.2d 1246, 1263 (Fla. 2006)). The Florida Supreme Court has explained the abuse of discretion standard:

---

[1]At this time, a motion for rehearing is pending before the Florida Supreme Court.

12

Case No. 8:13-CV-365-T-17AEP

> "In reviewing a true discretionary act, the appellate court must fully
> recognize the superior vantage point of the trial judge and should apply
> the 'reasonableness' test to determine whether the trial judge abused his
> discretion. If reasonable men could differ as to the propriety of the action
> taken by the trial court, then the action is not unreasonable and there can
> be no finding of an abuse of discretion. The discretionary ruling of the trial
> judge should be disturbed only when his decision fails to satisfy this test of
> reasonableness."

Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980).

"A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial." Truelove v. Blount, 954 So.2d 1284, 1287 (Fla. 2d DCA 2007)(quoting McCarthy Bros. Co. v. Tilbury Constr., Inc., 849 So.2d 7, 9 (Fla. 1st DCA 2003). Festival Fun Parks, LLC v. Bellamy, 123 So.3d 684 (Fla. 4th DCA 2013)(affirmed in part, reversed in part, remanded with instructions; finding that jury ignored evidence presented at trial when reaching its verdict and relied on inaccurate modifications to economist's summary). As the First District Court of Appeal explains:

> "The fact that a damage award is large does not in itself render it
> excessive nor does it indicate that the jury was motivated by improper
> consideration in arriving at the award." And "not every verdict which
> raises a judicial eyebrow should shock the judicial conscience."...A verdict
> should not be declared excessive "merely because it is above the amount
> which the court itself considers the jury should have allowed"....The verdict
> should be disturbed only when "it is so inordinately large as obviously to
> exceed the maximum limit of a reasonable range within which the jury
> may properly operate."...(citations omitted).

R.J. Reynolds Tobacco Company v. Lyantie Townsend, as Personal Representative of the Estate of Frank Townsend, 90 So.3d 307 (Fla. 1st DCA 2012)(finding that $10.8 million compensatory damage award did not exceed reasonable range within which jury could properly operate, and punitive damages award was constitutionally excessive).

13

Case No. 8:13-CV-365-T-17AEP

The First District Court of Appeal further notes that the above principles are consistent with the legislative policy expressed in section 768.74, F.S. (2009), which recognizes that "the reasonable actions of a jury are a fundamental precept of American jurisprudence and that such actions should be disturbed or modified with caution and discretion." The statute also requires courts to give "close scrutiny" to damage awards, and lists criteria to consider in determining whether an award "exceeds a reasonable range of damages." These criteria include "whether the award is supported by the evidence", "whether the award bears reasonable relation to amount of damages proved and injury suffered," and "whether the amount of the award is indicative of prejudice, passion or corruption" on part of the jury. <u>Townsend</u>, 90 So.3d at 311. To warrant appellate interference, it must clearly appear that the jury ignored evidence or misperceived the merits relating to amounts recoverable. <u>Department of Transp. v. Hawkins Bridge Co.</u>, 457 So.2d 525, 527 (Fla. 1st DCA 1984).

In asserting a violation of procedural due process as to the verdict in the Underlying Action, Defendant Geico argues that Florida's appellate procedures are inadequate to prevent the risk of erroneous deprivation of Defendant's property. Defendant Geico has sought a determination that, because Defendant Geico was prejudiced by inadequate appellate procedures, the Court should require the jury in this case to redetermine the amount of compensatory damages to be awarded to Plaintiff, and should ignore the amount of compensatory damages determined by the jury verdict in the Underlying Action. The State of Florida has an interest in the welfare of its citizens, corporate or otherwise, and in the legal process of adjudicating disputed claims. The Court notes that the application of <u>Florida Statutes</u>, Florida Rules of Civil Procedure and Florida Rules of Evidence protect Defendant from the risk of erroneous deprivation of its property.

Defendant Geico was afforded numerous opportunities to show how trial error harmed Defendant. Defendant Geico asked the Second District Court of Appeal to

14

Case No. 8:13-CV-365-T-17AEP

determine that Defendant Geico's right to a fair trial was violated.  Notwithstanding the amount of the final judgment entered in the trial court, the Second District Court of Appeal had the authority and the opportunity to determine whether the  preserved errors or fundamental error deprived Defendant Geico of a fair trial.   The trial court and appellate court disagreed with Defendant Geico that trial error harmed Defendant such that Defendant was denied a fair trial.   The ruling of the Second District Court of Appeals states that none of the five issues raised on appeal warrants reversal, and the reference to the "evidence presented" and "the context of the case" signals to this court that the Second District Court of Appeal reviewed the process by which the jury verdict was reached, and **not only the result**, the final judgment in the amount of the policy limits. The Court further notes that, although it is beside the point whether Defendant actually availed itself of further review, additional review of adverse decisions of Florida appellate courts is available, but Defendant Geico did not pursue further review.

Given the established procedures for maintaining the jury's impartiality during trial, and the multiple opportunities afforded for review of the jury's verdict by the trial court and on appeal, the Court finds that the available State procedures are constitutionally adequate.    Defendant's claims of trial error were considered and determined on appeal. Defendant was not denied Defendant's right to procedural due process. The Court previously determined that collateral estoppel permits the Court to accord binding effect to  factual finding of the jury as to the amount of compensatory damages.

2.  GEICO General Insurance Co. v. Paton, 2014 WL 4626860 (Fla. 4th DCA Sept. 17, 2014)

In Paton, the Fourth District Court of Appeal held that the  jury's determination of damages in trial to recover UIM benefits was binding on the insurance company in the bad faith trial.

15

Case No. 8:13-CV-365-T-17AEP

Before the bad faith jury trial, Defendant Kelly Paton moved in limine to exclude evidence of damages, arguing that the excess verdict in the UM trial established the damages she could recover under her bad faith claim. Geico moved in limine to exclude from evidence in the bad faith trial the verdict returned in the UM trial, and to require Paton to prove her damages anew in the bad faith trial. The trial court granted Paton's motion and denied Geico's motion. The jury found for Paton, and the trial court entered a a final judgment in the amount of the excess verdict from the UM trial, plus prejudgment interest. Geico appealed to the Fourth District Court of Appeal.

On appeal, Geico argued that the trial court erred by treating the excess verdict from the UM trial as conclusive evidence of Paton's damages in the bad faith trial, "thereby denying the company procedural due process and violating its right to appeal and access to the courts." Id. The Fourth DCA found that Geico's assertion of the denial of procedural due process, the violation of Geico's right to appeal and access to the courts was not well-taken, based on: 1) the wording of the statute creating the bad faith cause of action; 2) the Supreme Court's jurisprudence in first party bad faith actions; and 3) Geico's failure to challenge the damage award after the first trial or in this appeal. Paton at *2.

In Paton, Geico did not move for a new trial after the UIM jury trial. The Fourth District Court of Appeal states:

> Because Geico never filed a rule 1.530(a) motion, we are left to guess at what errors might have infected the first trial. However, we note that the extent of damages awarded—$469,247—and the amount of the final judgment—$100,000—are in the same ballpark for damages arising from the type of injury of which plaintiff complained......**Many types of legal errors might have applied equally to damages above and below the $100,000 policy limit, such that the entire amount of damages was interrelated for the purpose of being appealable.** Because the

16

Case No. 8:13-CV-365-T-17AEP

> damages in the first trial fixed the amount of bad faith damages and an
> order denying a motion for new trial could have addressed damages in
> excess of $100,000, an appeal after the final judgment in the first trial
> directed at the total amount of damages thus would have fallen within the
> constitutional parameters of the jurisdiction of this Court as an appeal
> from a "final judgment[ ] or order[ ]" of the trial court...This approach
> conserves judicial resources and best serves the procedure contemplated
> by *Blanchard.*  By failing to file a Rule 1.530(a) motion or take an appeal
> in the first trial, Geico did not preserve its right to challenge the total
> amount of the jury's damage award from the first trial.

Paton at *4 (Emphasis added)(citations omitted).

The Fourth District Court of Appeal also considered how the harmless error approach taken in Geico General Ins. Co. v. Bottini, 93 So.3d 476 (Fla. 2d DCA 2012) would affect a challenge to damages in a subsequent bad faith case before the same trial judge:

> The harmless error approach of the *Bottini* majority would also appear to
> allow for a challenge to damages in the bad faith case; the harmless error
> finding would not preclude later consideration of the propriety of damages
> in excess of $50,000.  *Bottini* would allow for this practical option where
> the trial judge defers ruling on the propriety of any amount of damages in
> excess of the final judgment until after a finding of bad faith in the second
> trial; in this instance an appellate challenge to the amount of damages
> would occur after the entry of a final judgment in the bad faith case.[FN2]
> Whether the bad faith cause of action has been abated or added by
> amendment, the record and damage issue are all part of the same case.
> If there is a jurisdictional bar to reviewing damages in the appeal of that
> lawsuit, the practical advantage of this option is its compliance with the
> First Rule of Judicial Economy by postponing a ruling on the legal
> propriety of a damage award until those damages are triggered by a bad
> faith determination.

Paton at *5.

Because this case is in a different posture than Paton, Paton provides limited support for the binding effect of the jury verdict in this case.  Paton relies in part on the fact that Geico did not file a motion for new trial after the UIM trial, and did not appeal

Case No. 8:13-CV-365-T-17AEP

after the UIM trial. Paton does explain that in a case such as Bottini, where the jury's damage award far exceeds the amount of the final judgment, the "final judgment or order" language of Article V, section 4(b)(1), [Florida Constitution] should be expansively read to include an appeal from an order denying a new trial in a first party suit for uninsured motorist benefits. "The final judgment subsumes the earlier order's resolution of the jury's damage determination so that the total amount is an immediately appealable issue. Such a reading is consistent with the Supreme Court's view in Blanchard that a first-party bad faith cause of action cannot accrue until after a factfinder's determination of the uninsured tortfeasor's liability and the extent of the plaintiff's damages." Paton at *5. In Bottini, Defendant Geico **did** move for a new trial, and **did** appeal, asserting issues that applied to damages above and below the policy limit. The trial judge in the Underlying Action did **not** defer ruling on the propriety of the amount of damages in excess of the final judgment in the UM trial, and Geico did not defer review of the alleged excessive damages until after the bad faith trial. A separate bad faith case was filed after the appeal.

3. Rooker-Feldman Doctrine

In Nicholas v. Shafe, 558 F.3d 1266, 1274 (11th Cir. 2009)(quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)), the Eleventh Circuit Court of Appeals "delineat[ed] the boundaries of the Rooker-Feldman doctrine: 'cases brought by state-court losers complaining of injuries caused by state court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'"

In Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005), the United States Supreme Court held that:

18

Case No. 8:13-CV-365-T-17AEP

> the Rooker-Feldman doctrine "is confined to cases of the
> kind from which the doctrine acquired its name: cases
> brought by state-court losers complaining of injuries caused
> by state-court judgments rendered before the district court
> proceedings commenced and inviting district court review
> and rejection of those judgments. Rooker-Feldman does not
> otherwise override or supplant preclusion doctrine or
> augment the circumscribed doctrines that allow federal
> courts to stay or dismiss proceedings in deference to state
> court actions."

The Rooker-Feldman doctrine applies "both to federal claims raised in state court and to those 'inextricably intertwined ' with the state court's judgment. Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). A claim is "inextricably intertwined" with a previously rendered state court judgment: "(1) where the success of the federal claim would 'effectively nullify' the state-court judgment; and (2) where the federal claim 'succeeds only to the extent that the state wrongly decided the issues.'" Figueroa v. Merscorp. Inc., 766 F.Supp.2d 1305, 1316 (S.D. Fla. 2011). A party's ability to raise a claim on appeal constitute[s] a reasonable opportunity to raise the claim. Rice v. Grubbs, 158 F. App'x 163, 165 (11th Cir. 2005). A federal claim will not be deemed "inextricably intertwined" with the state-court judgment to the extent that the party did not have a "reasonable opportunity to raise his federal claim in state proceedings." Casale, 558 F.3d 1260.

This case is not within the narrow boundaries of cases to which the Rooker-Feldman doctrine applies. The Court's subject matter jurisdiction is not in dispute. When a case is determined to be subject to the Rooker-Feldman doctrine, the remedy is to dismiss the case without prejudice for lack of subject matter jurisdiction. This case was not brought by a "state-court loser" complaining of injuries caused by a state-court judgment, but by a plaintiff who seeks to have this Court determine damages, according binding effect to the jury's determination of damages in the Underlying Action, in the event that a jury determines that the defendant proceeded in bad faith. In a very general sense, the conceptual framework of the Rooker Feldman doctrine supports the

19

Case No. 8:13-CV-365-T-17AEP

Court's determination to accord binding effect to the jury verdict setting compensatory damages in the Underlying Action. Federal courts are courts of limited jurisdiction. This court is not an appeal court for an adverse determination in the Circuit Court or in the Second District Court of Appeal. To the extent that a party challenges a ruling of the Circuit Court of Second District Court of Appeal, the party must pursue review by the Florida Supreme Court or the United States Supreme Court.

In summary, the Court again finds that there was no violation of Defendant's right to procedural due process, the Court notes that Paton provides some support for the Court's determination, and the Rooker Feldman doctrine does not apply to the factual scenario before the Court. After consideration, the Court **denies** Defendant's Motion for Reconsideration.

4. Certification for Interlocutory Review

Defendant Geico requests certification for interlocutory review pursuant to 28 U.S.C. Sec. 1292 and Fed. R. Civ. P. 54. Plaintiff opposes the request.

28 U.S.C. Sec. 1292(b) provides:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate determination of the litigation, he shall so state in writing in such order.

The Court does not think that the Court misinterpreted the ruling of the Second District Court of Appeal, to the prejudice of Defendant Geico. However, the Court notes that there are cases which hold that damages must be litigated in a first party bad faith action, the opposite of the Court's conclusion in this case, e.g. King v. Geico General

20

Case 8:13-cv-00365-EAK-AEP   Document 107   Filed 12/19/14   Page 21 of 21 PageID 2965

Case No. 8:13-CV-365-T-17AEP

<u>Insurance Company</u>, 2012 WL 4052271 (M.D. Fla. 2012); <u>Harris v. Geico General Ins.</u>
<u>Co.</u>, 961 F.Supp.2d 1223 (S.D. Fla. 2013); <u>Cagle v. Geico General Ins. Co.</u>, Case No.
6:13-CV-1591-ORL-31GJK.

In light of the amount of trial time reserved for this case, the Court certifies the
Court's prior Order (Dkt. 99) and this Order for interlocutory review, on the issue of the
binding effect of the jury's determination of damages in the UM trial; the Orders involve
a controlling question of law as to which there is a substantial ground for difference of
opinion, and an immediate appeal may materially advance the ultimate determination of
the litigation.  Accordingly, it is

**ORDERED** Defendant's Motion for Reconsideration (Dkt. 100) is **denied**.  The
Court certifies the Court's Order (Dkt. 99) and this Order for interlocutory review; the
Orders involve a controlling question of law as to which there is a substantial ground for
difference of opinion and an immediate appeal may materially advance the ultimate
determination of the litigation.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this
_19th_ day of December , 2014.


ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record