UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY BOTTINI, etc.,

    Plaintiff,

v.                                CASE NO. 8:13-CV-365-T-17AEP

GEICO GENERAL
INSURANCE COMPANY,

    Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 55    Motion to Bifurcate Trial
Dkt. 56    Response
Dkt. 57    Deposition (Nockleby)
Dkt. 58    Deposition (Seawell)

    Defendant Geico General Insurance Company moves to bifurcate the jury trial in this case, in order to avoid prejudice to Defendant, to promote judicial economy, and to avoid confusion of the issues. Defendant seeks the bifurcation of liability for bad faith, and determination of damages.

    Plaintiff Mary Bottini, as Personal Representative of the Estate of Gerard Bottini, responds that there should not be any retrial of wrongful death damages, because the verdict from the underlying UM case is a binding determination of these damages. In the alternative, Plaintiff argues that bifurcation would prejudice Plaintiff because the jury cannot properly determine whether Defendant Geico handled Plaintiff's UM claim in good faith without considering the full extent of the damages suffered by the Estate of

Case No. 8:13-CV-365-T-17AEP

Gerard Bottini and survivors. Plaintiff further argues that the damages recoverable by Plaintiff are not limited to the wrongful death damages, and include damages resulting from Defendant's bad faith. Plaintiff argues that the issues of damages and bad faith are inextricably intertwined, and cannot be tried separately without prejudicing Plaintiff. Plaintiff further argues that, because Defendant Geico has not established that bifurcation will prevent prejudice, promote judicial economy and avoid juror confusion, Defendant's Motion should be denied.

I. Standard of Review

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims or third party claims." Rule 42(b) "confers broad discretion on the district court in this area," permitting bifurcation under many circumstances, including in furtherance of convenience. Medtronic Xomed, Inc. v. Gyrus ENT LLC, 440 F.Supp.2d 1333, 1335 (M.D. Fla. 2006)(citing Harrington v. Cleburne County Bd. Of Educ., 251 F.3d 935, 938 (11th Cir. 2001)). The burden is on the moving party to demonstrate that the particular facts and circumstances of the case justify bifurcation.

II. Discussion

This case involves the determination of bad faith liability as to Defendant's handling of Plaintiff's claim for UM benefits. Defendant contends that, as to liability, the evidence will be limited to Defendant's investigation, evaluation and handling of Plaintiff's UM claim, an issue to which the facts and evidence regarding Plaintiff's damages for wrongful death are irrelevant. Defendant argues that Plaintiff's damages will be focused on mental and suffering, and future service and support, emotional testimony which will evoke a sympathetic response from the jury that Defendant will not

2

Case No. 8:13-CV-365-T-17AEP

be able to overcome, regardless of how much evidence Defendant presents of its good faith claims handling.

Defendant Geico argues that this Court has bifurcated cases which involve distinct issues, such as coverage and bad faith, and under Florida law trial courts routinely bifurcate the determination of punitive damages from the other issues determined at trial. Defendant argues that this case can be bifurcated into liability and damages without prejudice to either party. Defendant Geico further argues that judicial resources will be conserved if this trial is separated into two phases; Defendant estimates one week or less for the liability portion, and another week or longer for the damages portion.

Plaintiff responds that Defendant's request for bifurcation is moot, because the wrongful death damages recoverable by Plaintiff have been determined in the Underlying Action, and, if damages are to be retried, a separate trial on damages would prejudice Plaintiff. Plaintiff contends that the jury cannot fairly determined whether Defendant GEICO handled Plaintiff's claim in good faith without considering Plaintiff's damages. Plaintiff outlines the economic damages and non-economic damages which Plaintiff is entitled to recover, and argues that Defendant Geico did not consider the total value of Plaintiff's non-economic damages in evaluating Plaintiff's claim, an issue which the jury must consider in order to evaluate the reasonableness of Defendant's refusal to pay the claim.

At this point, the Court has granted Plaintiff's Motion for Partial Summary Judgment as to the binding effect of the jury verdict in the Underlying Action. The jury in the bad faith trial will determine whether Defendant acted in bad faith. If bad faith is found, pursuant to Florida Jury Instruction 404.9, the Court will award damages in an amount allowable under Florida law. After consideration, the Court denies Defendant's Motion to Bifurcate as moot. Accordingly, it is

Case No. 8:13-CV-365-T-17AEP

**ORDERED** that Defendant's Motion to Bifurcate Trial (Dkt. 55) is **denied as moot.**

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 19th day of ~~November~~ 2014.

*[signature]*
ELIZABETH A. KOVACHEVICH
United States ~~District~~ Judge

Copies to:
All parties and counsel of record