UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARY BOTTINI, etc.,

       Plaintiff,

v.                         CASE NO.  8:13-CV-365-T-17AEP

GEICO GENERAL
INSURANCE COMPANY,

       Defendant.

_____/


ORDER

This cause is before the Court on:

Dkt. 62    Motion to Limit Expert Witnesses and to Strike Stuart Setcavage and
               Stephen Prater From Expert Witness Disclosures
Dkt. 74    Response
Dkt. 75    Deposition (Prater)
Dkt. 76    Deposition (Kamner)
Dkt. 77    Deposition (Setcavage)
Dkt. S-86 Unredacted Sealed Response


      Defendant Geico General Insurance Company ("Geico") moves the Court to limit expert witness testimony regarding good or bad faith claims handling to one expert witness per side, since there is only one issue for the jury to resolve pertaining to Plaintiff's bad faith claim.   Defendant further requests that the Court strike portions of Plaintiff's Expert Witness Disclosures as to disclosed expert witnesses Stuart Setcavage and Stephen Prater on the basis that neither witness is qualified to testify regarding the standards or legal requirements for good faith claim handling in the State of Florida.

Case No. 8:13-CV-365-T-17AEP

Plaintiff Mary Bottini, as Personal Representative of the Estate of Gerard Bottini ("MB") opposes Defendant's Motion to Limit Expert Witnesses on the basis that the qualifications or backgrounds of each expert witness is different, each expert witness will be testifying from a different perspective, and each expert witness will be testifying regarding different subject matter. Plaintiff MB argues that the expert witness testimony to be offered will not be duplicative or cumulative. Plaintiff MB further opposes Defendant Geico's Motion to Strike Setcavage and Prater from Expert Witness Disclosures, in that Defendant does not establish that Florida standards for claims handling are different from universal industry standards for good claims handling, Witnesses Setcavage and Prater have sufficient Florida-specific experience and have offered expert testimony in Florida cases.

I. Motion to Limit Expert Witnesses

The Court notes that the expert witnesses identified by Plaintiff have different qualifications and will testify on different subject matter.

Witness Setcavage will testify as to the details of Defendant's handling of the claim, focusing on the primary claim handler, Jean Seawell. The testimony of Witness Setcavage concerns how Defendant did not investigate the claim, and did not evaluate or react appropriately to the information provided to Defendant.

The testimony of Witness Kamner will focus on the conduct of Defendant's management-level personnel, Yates and Gertz, Jean Seawell's supervisors, and that of home office attorney Brian Nockleby, Esq., who oversaw the claim. The testimony of Witness Kamner concerns the supervision that Yates, Gertz and Nockleby should have provided to Seawell, and the alleged improper rejection of Seawell's recommendation without Defendant's own investigation of the claim. Witness Kamner will further testify as to Plaintiff's cooperation with Defendant's investigation, and Plaintiff's compliance

2

Case No. 8:13-CV-365-T-17AEP

with Plaintiff's obligations under the policy.

The testimony of Witness Prater will be focus on general principles of claims handling, the relationships between the multiple insurance companies and the policyholder, and the responsibilities that each company has to each other and to the policyholder.

After consideration, the Court **denies** Defendant's Motion to Limit Expert Witnesses.   Any concern as to duplicative testimony can be raised at trial through an objection.

II. Motion to Strike Stuart Setcavage and Stephen Prater from Expert Disclosures

Defendant Geico moves to strike Stuart Setcavage and Stephen Prater from Plaintiff's Expert Witness Disclosures because neither witness is qualified to testify by knowledge, skill, training, experience or education as to Florida bad faith claims handling.   Both witnesses live and work outside the State of Florida.

Defendant Geico further argues that an expert witness may not testify as to the legal implications of conduct or merely tell the jury what result to reach on the ultimate issue of fact. See Montgomery v. Aetna Cas. & Surety Co., 898 F.2d 1537, 1541 (11th Cir. 1990).

Witness Setcavage is expected to testify "...that Geico's handling of this Uninsured Motorist claim did not conform to industry standards, violated Florida Statutes, showed a reckless disregard for the rights and interests of its insured, and was done so in bad faith."  Witness Setcavage is not licensed to adjust claims in Florida, has never held a Florida adjuster's license, and is not licensed to practice law in Florida.  Witness Setcavage is licensed to adjust claims in Texas.

3

Case No. 8:13-CV-365-T-17AEP

Witness Prater is expected to testify that "...Geico's conduct fell below the standard of care for reasonable insurance companies doing business in the state of Florida." Witness Prater is not a member of the Florida Bar, and has never been licensed to practice law if Florida. Witness Prater is licensed to practice law in California.

Plaintiff responds that Defendant has not presented any evidence or cited any legal authority which establishes that Florida has unique standards for handling claims, such that an attorney or former claims adjuster with decades of experience in the insurance industry is not qualified to testify in a Florida bad faith action because he lives and works in another state.

Plaintiff argues that Witnesses Setcavage and Prater have extensive expertise in nationwide industry standards. The national standards for claims handling are expressed in the model acts and regulations of the National Association of Insurance Commissioners ("NAIC"). Plaintiff further argues that Florida has substantially adopted NAIC's model Unfair Claims Practices Act in paragraph (1)(i) of section 626.9541, Florida Statutes (2007). Under Florida law, an insurer's commission of unfair claims practices in violation of section 626.9541 can support a statutory action under section 624.155(1)(a)(1), Florida Statutes, or may by relevant in a bad faith action as evidence that the insurer did not act in good faith. Nowak v. Lexington Ins. Co., 464 F.Supp.2d 1252 (S.D. Fla. 2006). Plaintiff further argues that Defendant's written claims guidelines and training manuals recognize the authoritativeness and nationwide applicability of the standards set forth in the NAIC model act.

Plaintiff further argues that Witnesses Setcavage and Prater have Florida-specific experience as to the existence of national industry standards and Florida's adherence to those standards.

4

Case No. 8:13-CV-365-T-17AEP

Witness Setcavage has given expert testimony in two cases in Florida, has consulted on other cases in Florida, and has been retained to testify in a half dozen currently pending cases in Florida. Witness Setcavage holds an all lines insurance adjusting license in Texas, which has a reciprocity agreement with Florida.

Witness Prater has testified in two Florida cases in the past four years, has worked on many other Florida cases in which he did not give testimony, and is currently working on other cases in Florida. Witness Prater has worked on national cases involving claims arising in all states, including Florida. The testimony of Witness Prater is intended to aid the jury in understanding the concepts and standards of claims handling that are unfamiliar to lay persons.

The proponent of expert testimony always bears "the burden to show that his expert is 'qualified to testify competently regarding the matters he intend[ed] to address; [] the methodology by which the expert reach[ed] his conclusions is sufficiently reliable; and [] the testimony assists the trier of fact.'" U.S. v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004). Qualification, reliability and helpfulness are distinct concepts, and each is a discrete requirement for admissibility.

To the extent that Defendant's Motion to Strike is premised on qualification, the Court **denies** Defendant's Motion to Strike. The Court also understands Defendant's Motion to Strike to challenge the "helpfulness" of the opinions of Witnesses Setcavage and Prater. To the extent that Defendant's Motion to Strike is premised on the idea that an expert witness cannot offer a legal opinion or conclusion, cross examination and jury instructions can prevent a jury from placing too much weight on an expert's legal conclusions. Maiz v. Virani, 253 F.3d 641, 666-668 (11th Cir. 2001). A district court's gatekeeper role under Daubert "is not intended to supplant the adversary system or the role of the jury." Allison v. McGhan, 184 F.3d 1300, 1311 (11th Cir. 1999)("'Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the

Case No. 8:13-CV-365-T-17AEP

burden of proof are the traditional and appropriate means of attacking [debatable] but admissible evidence'"(quoting <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 596 (1993))).  The Court also **denies** Defendant's Motion to Strike as to helpfulness of the opinions of Witnesses Setcavage and Prater.  Accordingly, it is

**ORDERED** that Defendant's Motion to Limit Expert Witnesses and to Strike Stuart Setcavage and Stephen Prater from Plaintiff's Expert Witness Disclosures (Dkt. 62) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this _19th_ day of December, 2014.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record

6